UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| VELVA STEWART, CHRISTOPHER BUCHO, JACOB DENEDO, KENNETH C. FRAZIER, ROBIN HANSON, FRANGENA JOHNSON, REBEKAH MILLER, AHMED M. RASHEED, AND LONNIE WOODS, ON BEHALF OF THEMSELVES AND OTHER INDIVIDUALS SIMILARLY SITUATED, <br><br> PLAINTIFFS, <br><br> V. <br><br> CENTERPOINT ENERGY RESOURCES CORPORATION, D/B/A/ CENTERPOINT ENERGY MINNESOTA GAS, A FOREIGN CORPORATION, <br><br> DEFENDANT. | CIVIL NO. 05-1502 RHK/AJB <br><br><br> REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS |

___

JAMES H. KASTER, ESQ., MATT HELLAND, ESQ., AND SOPHIA ANDERSSON, ESQ., APPEARED ON BEHALF OF THE PLAINTIFFS, STEWART ET AL.

STEVE ALPERT, ESQ., APPEARED ON BEHALF OF THE STATE OF MINNESOTA AS INTERVENOR PLAINTIFF.

BROOKS F. POLEY, ESQ., APPEARED ON BEHALF OF THE DEFENDANT, CENTERPOINT ENERGY RESOURCES CORPORATION.
___

## I.  INTRODUCTION

Plaintiffs initiated an action in federal district court alleging six counts against the defendant, CenterPoint Energy Resources Corporation (CenterPoint): Violation of the Minnesota Consumer Fraud Act, Minn. Stat. § 325F.69 (Count I), Violation of the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44 (Count II), Negligence *per se* (Count III), Negligence (Count IV), Fraud

1

(Count V), and Supplemental Civil Penalty for Deceptive Acts Against Senior Citizens and Handicapped Persons Under Minn. Stat. § 325F.71 (Count VI).  CenterPoint has filed a motion to dismiss before the district court requesting that the court dismiss Counts I, II, V, and VI, and strike all allegations in the amended complaint regarding punitive damages.  The district court has referred this motion to the undersigned, Magistrate Judge Arthur J. Boylan, for a report and recommendation.  A hearing was held on November 23, 2005, in Courtroom #5 of the United States District Court for the District of Minnesota, 180 East Fifth Street, St. Paul MN 55101.  Plaintiff, Defendant and the State of Minnesota, as Intervenor Plaintiff, were represented by council as noted above.

**II.     ISSUES**

The issues before the court are (1) whether the plaintiffs' fraud allegations (Counts I, II, and V) have been plead with sufficient particularity required under Fed. R. Civ. P. 9(b); (2) whether allegations made pursuant to Minn. Stat. § 325F.71 require the same heightened level of particularity as a fraud allegation under Rule 9(b); and (3) whether plaintiffs' allegations for punitive damages should be striken from the amended complaint pursuant to the pleading requirements under Minn. Stat. § 549.191.

**III.    BRIEF FACTUAL BACKGROUND OF THE CASE**

Plaintiffs have brought this action as a purported class action alleging that CenterPoint mislead its customers with respect to certain benefits under the Minnesota Cold Weather Rule (CWR).[1] Plaintiffs claim that plaintiffs had their gas disconnected by CenterPoint because they could not pay their

---

[1] Minnesota Cold Weather Rule, Minn. Stat. § 216B.095, was designed by the Minnesota legislature "to prohibit disconnection of a residential utility customer who is unable to pay for utility service during cold weather months."  Minn. R. 7820.1500.  The regulations for the Cold Weather Rule may be found at Minn. Rule 7820.1500 through 7820.2400.  *Id*.

energy bill. First Amended Complaint (Complt) ¶ 5. Plaintiffs additionally allege that when plaintiffs contacted CenterPoint, after October 15, 2004, to have the gas service restored, CenterPoint misinformed the customer/ plaintiffs that gas service could not be reconnected unless a substantial portion of their past due bill was paid. Cmplt ¶ 7. Plaintiffs contend, that based on this misinformation, they stopped contacting CenterPoint in reference to obtaining heat and resorted to other measures to heat their homes. Cmplt ¶ 10. Based upon the plaintiffs' reliance on the alleged misinformation, plaintiffs now claim that they have suffered "economic damages, mental anguish, emotional distress, humiliation, embarrassment and other damages in excess of $50,000.00." Complt. ¶ 54.

### IV.  THE PARTIES' ARGUMENTS

CenterPoint brings this motion arguing that the plaintiffs' amended complaint fails to provide sufficient detail for allegations under Counts I, II, V, and VI as required by Fed. R. Civ. P. 9(b). CenterPoint argues that the amended complaint "makes broad, conclusory allegations of fraudulent conduct but wholly fails to address the 'who, what, when, where, and how, required by Rule 9." (Def. Mem. at 8.) CenterPoint asserts that plaintiffs' failure to plead fraud with sufficient particularity requires that court dismiss Counts I, II, V, and VI or in the alternative, that plaintiffs be directed to amend their pleadings to comply with Rule 9(b). CenterPoint additionally argues that plaintiffs' allegations regarding punitive damages should be striken from the complaint because under Minnesota law, punitive damages may be plead only after being granted leave by the court.

Plaintiffs argue that the amended complaint satisfies the particularity required by Rule 9(b) and that alternatively, if the court finds that the amended complaint does not satisfy Rule 9(b), then the plaintiffs should be allowed to file a second amended complaint after discovery has progressed. (Pl.

Mem. at 1.) Plaintiffs contend that the language regarding punitive damages need not be striken because the language complies with Minnesota law since the complaint does not request punitive damages, but merely informs the defendant that plaintiffs will be seeking the court's permission to include punitive damages.

**V.    DISCUSSION**

    **A.    Particularity Required by Rule 9(b)**

According to Fed. R. Civ. P. 9(b), "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The requirements under Rule 9, however, should be read "in harmony with the principles of notice pleading" set forth in Rule 8. *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2000). Rule 8 describes the very lenient notice pleading required generally under the federal rules. Fed. R. Civ. P. 8. "The special nature of fraud does not necessitate anything other than notice of the claim; it simply necessitates a higher degree of notice, enabling the defendant to respond specifically, at an early stage of the case, to potentially damaging allegations of immoral and criminal conduct." *Abels*, 259 F.3d at 920. Accordingly, the plaintiff must delineate the specific circumstances constituting fraud, including the "who, what, when, where, and how" of the alleged fraudulent acts. *See Tuttle v. Lorillard Tobacco Co.*, 188 F. Supp. 2d 954, 963 (D. Minn. 2000) (quoting *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 549-50 (8th Cir. 1997)). In addition, the plaintiff must also describe "what was obtained or given up thereby." *Abels*, 259 F.3d at 920 (quoting *Bennett v. Berg*, 685 F.2d 1053, 1062 (8th Cir. 1982)). A plaintiff cannot simply make broad or conclusory allegations of fraudulent actions and satisfy the specificity requirements under Rule 9(b). *Roberts v. Francis*, 128 F.3d 647, 651 (8th Cir.1997).

The Eighth Circuit has recognized, however, that plaintiffs "need not plead with precise details where the subject matter is uniquely within the defendant's knowledge." *In re K-tel Intern., Inc. Securities Litigation*, 300 F.3d 881, 904 (8th Cir. 2002).

Counts I, II, and VI are averments of fraud or mistake that require particularity in pleading under Rule 9(b). *See Tuttle*, 118 F. Supp.2d at 963 (concluding that Rule 9(b) applies in statutory and common law fraud claims as long as the "gravamen of the complaint is fraud"). In these counts, plaintiffs have averred, *inter alia*, that plaintiffs were told misinformation by CenterPoint when each plaintiff contacted CenterPoint inquiring about having gas service restored, that "plaintiffs did not have their heat restored despite [CenterPoint] receiving energy and/or emergency assistance monies on their behalf," that the plaintiffs relied on the misinformation, and that plaintiffs suffered a variety of damages, ranging from frozen pipes to discomfort and humiliation. Plaintiffs have specified who acted in a fraudulent manner, CenterPoint representatives who answer customer questions regarding service; what was misrepresented, the customer's ability to reconnect services under Minnesota's CWR; when the alleged fraud took place, from October 15, 2004, through April 15, 2005; where the fraud occurred, within CenterPoint's area of service in Minnesota; and how to fraud occurred, through repeated phone conversations between CenterPoint customers and CenterPoint representatives. The complaint is not mere conclusory allegations and broad statements of fraud, but rather is sufficient to give CenterPoint notice of what conducted is being alleged as fraudulent.

CenterPoint argues that plaintiffs must identify (1) each of the specific representations alleged to be false, (2) the exact time and place of the statements, (3) the exact persons involved in the conversations, and (4) identify as to each plaintiff how the defendant intended that plaintiff to rely on the

statements, the nature of that plaintiff's reliance, and the specific damage for that plaintiff. Rule 9(b) does not require that stringent specificity. *See Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). None of the cases cited by CenterPoint require such specificity. *See, e.g., Murr Plumbing, Inc. v. Scherer Bros. Financial Services Co.*, 48 F.3d 1066, 1069 -1070 (8th Cir. 1995); *Allison v. Security Ben. Life Ins. Co.* 980 F.2d 1213, 1216 (8th Cir. 1992); *Helleloid v. Independent School Dist. No. 361,* 149 F. Supp.2d 863, 879 (D. Minn. 2001); *McMaster v. State of Minn*., 819 F. Supp. 1429, 1443 (D. Minn.1993); *Daher v. G.D. Searle & Co.*, 695 F.Supp. 436, 440 (D. Minn.1988). The court finds that overall, the plaintiffs' complaint suffices "to give the Defendant notice of what conduct is complained of and to prepare a defense to such claim of misconduct." *See Helleloid,* 149 F. Supp.2d at 879.

Count VI is not, by itself, a claim of fraud. Thus, claims under Minn. Stat. § 325F.71 need not be plead in particularity. Nonetheless, because this claims relies on a sufficient pleading of a violation of specific Minnesota statutes regarding fraudulent conduct, this cause of action does not stand on its own, but rests on a sufficient pleading of statutory fraud. *See* Minn. Stat. § 325F.7, subd. (2)(a). Because the court has determined that plaintiffs have successfully plead causes of action under Minnesota's Deceptive Trade Practices Act and Consumer Fraud Act, the notice pleading for Count VI is sufficient.

      **B.**      **Pleading Punitive Damages under Minnesota Law**

Under Minnesota law, a party may not make a claim for punitive damages in its original complaint. Minn. Stat. § 549.191 (2004). The party must , after filing the original complaint, request leave from the court to amend the pleadings to include a claim for punitive damages. *Id*. A complaint filed in federal court based on a state claim must abide by these provisions. *Berczyk v. Emerson Tool*

*Co.*, 291 F. Supp.2d 1004, 1008 (D. Minn. 2003).  This procedure was set in place by the Minnesota legislature to allow the court a method of preventing frivolous punitive damages claims by allowing the court to grant leave only when damages are appropriate.  *Gamma-10 Plastics, Inc. v. American President Lines, Ltd.*, 32 F.3d 1244, 1255 (8th Cir. 1994).  Only after the plaintiff has demonstrated a *prima facie* showing of entitlement, requiring clear and convincing evidence of the defendant's deliberate disregard for the rights or safety of others, may a court grant the plaintiff's motion to amend to include punitive damages.  *See Ulrich v. City of Crosby*, 848 F. Supp. 861, 867 (D. Minn. 1994).

Here, plaintiffs contend that they have not plead punitive damages, but have merely given notice to the defendants that they will be seeking leave from the court to do so.  This argument is unavailing because, although plaintiff's complaint does state an intention to request leave of the court to amend to include damages, *see* Cmplt, Prayer for Relief, No. 9, at 13, the amended complaint clearly includes a claim for punitive damages, *see* Cmplt ¶ 44 ("Plaintiffs are further entitled to punitive damages in excess of $50,000.00.").  Thus, language concerning punitive damages should be striken from the First Amended Complaint.  The plaintiffs should be directed that, if plaintiffs desire to proceed with a claim for punitive damages, they should properly proceed through the steps required under Minnesota law.

**VI.   RECOMMENDATION**

Based on the foregoing discussion, the court **HEREBY RECOMMENDS** that

1. Defendant's Motion to Dismiss [Docket No. 5] be **granted in part and denied in part;**

2. Defendants' motion to dismiss Counts I, II, V, and VI be **denied**;

3. Defendant's motion to strike Plaintiffs' claims for punitive damages be **granted**;

4. All claims for punitive damages be striken from the first amended complaint; and

5. Plaintiffs be directed to follow Minnesota law regarding pleading claims for punitive damages.

Dated: December 8, 2005

                                                  s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **December 23, 2005.**