UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Velva Stewart, Christopher Busho, Jacob Denedo, Kenneth C. Frazier, Robin Hanson, Frangena Johnson, Rebekah Miller, Ahmed M. Rasheed, Petrina Rhines, and Lonnie Woods, on behalf of themselves and other individuals similarly situated, | Court File No. 05-CV-1502 (RHK/AJB) |
| Plaintiffs, | **HEARING ORDER** |
| and State of Minnesota, by its Attorney General, Mike Hatch | |
| Plaintiff-Intervenor, | |
| v. | |
| CenterPoint Energy Resources Corporation d/b/a CenterPoint Energy Minnesota Gas, a Foreign Corporation, | |
| Defendant. | |

This matter came before the Court on the Parties' Settlement Agreement ("Agreement"), dated **March 17, 2006**, together with the exhibits accompanying the Agreement, setting forth the terms and conditions for a settlement and dismissal of this matter with prejudice.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.  Pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3), the Court conditionally certifies the following Settlement Class for settlement purposes only: Any person who owned and/or lived in a Minnesota home where CenterPoint Energy's gas service provided the primary source of heat, and whose gas service was involuntarily

disconnected for non-payment prior to October 15, 2004, and who remained disconnected as of October 15, 2004, and who suffered damage on or after October 15, 2004 as a result of their heat being off.

For purposes of settlement only, the Named Plaintiffs are conditionally appointed as Settlement Class Representatives.

2.   In preliminarily certifying the Class for settlement purposes, the Court expressly finds that the requirements of Fed.R.Civ.P 23(a) and 23(b)(3) are satisfied because: (a) the Class is so numerous that joinder of all members is impractical; (b) there are questions of law and fact common to all members of the Class; (c) the claims or defenses of the Settlement Class Representatives are typical of the claims or defenses of the members of the Class; (d) Settlement Class Representatives will fairly and adequately protect the interests of the members of the Settlement Class; (e) common questions of law and/or fact predominate over questions affecting only individual Settlement Class Members; and (f) a class action is superior to all other available methods for fair and efficient adjudication of the controversy.

3.   Pursuant to Fed.R.Civ.P 23(g), the court finds that Plaintiffs' Lead Counsel are qualified to represent the Class and are hereby appointed as Settlement Class Counsel.

4.   Subject to final determination following a hearing after notice to the Settlement Class, the Court preliminarily approves the settlement as outlined in the Agreement as fair, reasonable, and adequate.

5.   Pursuant to Fed.R.Civ.P 23(e), a fairness hearing (the "Fairness Hearing") shall be held before this Court, at **8:00 a.m. on Monday, August 14, 2006,** at the United

States District Court for the District of Minnesota, in Courtroom 1, 180 East 5th Street, St. Paul, MN 55101, to determine (a) whether the requirements for certification of the Settlement Class have been met; (b) whether the proposed settlement on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate and should be approved by the Court; and (c) whether and in what amounts fees and expenses shall be awarded to Plaintiffs' Counsel from the Settlement Fund.

6. The Court approves, as to form and content, the Notice of Settlement in Pending Class Action (the "Notice"), the Summary Notice of the Settlement (the "Summary Notice"), and the Proof of Claim Forms (the "Claim Forms"), attached to the Agreement as Exhibits 1, 2 and 5, respectively, and finds that the mailing, distribution, and publication of the Notice and Summary Notice substantially in the manner and form set forth in this Order meets the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law, and is the best notice practicable under the circumstance and shall constitute due and sufficient notice to all persons entitled thereto.

7. Settlement Class Counsel shall administer the notice procedure and the process of claims as more fully set forth below:

(a) Not later than seven (7) days after the date of this order, Settlement Class Counsel shall cause a copy of the Notice and the Claim Forms, substantially in the forms attached to the Agreement as Exhibits 1 and 5, to be mailed by United States first class mail to the 2,560 households that have been previously identified from the customer records of CenterPoint Energy as potential Class Member households. This mailing shall

be directed to the last known addresses for these individuals. The mailing shall also be directed to addresses as provided by CenterPoint Energy of non-resident owners of the 2,560 properties. Settlement Class Counsel will use reasonable efforts to locate individuals whose Notice and Claim Forms are returned undeliverable.

(b) Settlement Class Counsel shall also cause copies of the Notice and Claim Form to be mailed as soon as practicable to persons who indicate, in response to publication of the settlement or otherwise, that their heat in Minnesota was disconnected by CenterPoint Energy during the applicable time period.

(c) Along with any papers filed by Settlement Class Counsel in support of the Settlement pursuant to paragraph 14 below, Settlement Class Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing.

(d) Settlement Class Counsel shall cause the Summary Notice, substantially in the form attached to the Agreement as Exhibit 2, to be published in all editions of the Star Tribune on **Friday, March 31, 2006**.

8. All Settlement Class Members who wish to exclude themselves from the Settlement Class must submit a written request to be excluded in the manner and containing all information described in the Notice. To be timely, any request for exclusion must be in writing and postmarked on or before **May 29, 2006**.

9. All Settlement Class Members who have requested exclusion in the time and manner set forth in the Notice shall be excluded from participating in the Settlement

and shall not be bound by any orders and judgments in this matter, whether favorable or unfavorable to the Settlement Class.

10. Settlement Class Members who wish to participate in the Settlement Fund must complete and timely submit a Claim Form in accordance with the instructions contained therein. Every Claim Form must be filed on or before **June 27, 2006**. Notwithstanding the foregoing, Settlement Class Counsel may, at their discretion, accept late claims so long as the distribution of the Settlement Fund to authorized Claimants is not materially delayed thereby.

11. Any Settlement Class Member may enter an appearance in this matter, at his or her own expense, individually or through counsel of his or her own choice. Any Settlement Class Member who does not enter an appearance will be represented by Settlement Class Counsel.

12. Any Settlement Class Member who has not requested exclusion may appear at the Fairness Hearing with or without Counsel, after filing a Notice of Intention to Appear as outlined in the Notice. A Settlement Class Member who has provided such notice may show cause why the Settlement Agreement should not be approved as fair, reasonable, and adequate, or why Judgment should not be entered thereon, or why attorneys' fees and expenses should not be awarded to Plaintiffs' Counsel, or why the plan for allocation of the Settlement Fund should not be approved. Settlement Class Members may also submit objections to the Court in writing, as provided in the Notice.

Any Settlement Class Member who does not make an objection in the time and manner provided in the Notice shall be deemed to have waived such objection, shall be

bound by the terms of the Order approving the Settlement Agreement, and shall be foreclosed forever from making any objection to the fairness or adequacy of the settlement or the award of attorneys' fees and expenses to Plaintiffs' Counsel, unless otherwise allowed by the Court.

13. An Order dismissing this case and approving the Settlement Agreement shall have a binding effect on all Class Members who do not timely request exclusion, whether or not they file a Claim form, and whether or not they participate in the Settlement Fund.

14. All papers in support of the Settlement Agreement and any application for attorneys' fees and expenses shall be filed at least seven (7) days prior to the Fairness Hearing.

15. The Court reserves the right to adjourn the date of the Fairness Hearing and any adjournment thereof, and to modify the terms of the Settlement, without further notice to Settlement Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.

16. The Court hereby appoints Retired Magistrate Judge Jonathan Lebedoff as special master to oversee the allocation of funds from this settlement.

17. As part of the allocation of Settlement Funds, Class Counsel shall petition Magistrate Judge Arthur Boylan for all payments to minors who claim personal injury as special damages, pursuant to Rule 145 of the Minnesota General Rules of Practice for the District Courts.

**IT IS SO ORDERED.**

Date:  3/27/06                           s/Richard H. Kyle                  
                                         Richard H. Kyle
                                         United States District Judge

7